# MINUTES

FILED IN THE<br>
UNITED STATES DISTRICT COURT<br>
DISTRICT OF HAWAII<br>
<br>
1/18/2006  4:30 pm<br>
<br>
SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CR 04-00394DAE |
| CASE NAME: | USA v. Ronald Schaeffer |
| ATTYS FOR PLA: | Larry Tong |
| ATTYS FOR DEFT: | Shanlyn Park |
| USPO: | Mona Godinet |

| | | | |
|---|---|---|---|
| JUDGE: | David Alan Ezra | REPORTER: | Cynthia Fazio |
| DATE: | 1/18/2006 | TIME: | 9:00am-9:45am |

COURT ACTION: EP: Sentencing to Count 1 of the Indictment as to Defendant Ronald Schaeffer.

Defendant Ronald Schaeffer present, not in custody.

The Memorandum Plea Agreement is accepted

Presentence Report adopted. Sentencing recommendations heard. Allocution by Defendant Ronald Schaeffer.

SENTENCE:

Imprisonment: 40 MONTHS

Supervised Release: 3 YEARS

CONDITIONS:

    1.     Defendant shall abide by the standard conditions of supervision.

    2.     Defendant shall not commit any federal, state, or local crimes.

    3.     Defendant shall not possess illegal controlled substances.

4. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

5. That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter. If he tests negative, then the drug testing will be waived during the term of supervision. However, if he tests positive, then the defendant shall submit to drug testing, but no more than eight valid drug tests per month during the term of supervision.

6. Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

7. Defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.

8. The fine of $7,500 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of this monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

9. Defendant shall execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

10. Defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. The defendant shall also submit to periodic unannounced examinations of his computer and computer accessories as well as provide access to his internet service provider account records, as directed by the Probation Office. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

11. Defendant may change his residence only with the advance approval of the probation office.

12. Defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include the

      plethysmograph, polygraph, and other types of testing, as approved by the Probation Office.

13. Defendant shall not view, purchase, possess, or distribute any form of child pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(8), unless approved for treatment purposes, or frequent any place where such material is available.

14. Defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product for sale or entertainment is available.

15. Defendant is prohibited from the possession and use of alcohol.

Special Assessment: $100.00.

JUDICIAL RECOMMENDATIONS: 1) North Carolina prison camp. 2) Arizona prison camp. Mental health treatment. Vocational and educational opportunities.

Defendant advised of his right to appeal.

Mittimus is stayed until 3/6/2006.

Defendant to self-surrender @2:00 p.m. on 3/6/2006 at the facility designated by the Bureau of Prisons. The time is the time at the facility.

Government's Oral Motion to dismiss Count 2 of the Indictment-GRANTED.

Current bail conditions to remain.

Submitted by: Theresa Lam, Courtroom Manager